JOHN TUTT ET AL. *v.* SOCRATES KINCAID ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—389.]

**Continuances.**

It is not an abuse of discretion for the trial court to overrule a motion for a continuance in order to give defendants time to file pleadings and prepare for trial, where two continuances had theretofore been granted for the same purpose.

**Presumption Where Papers Are Not Copied Into the Record on Appeal.**

Where papers are filed and read in evidence they should be copied on an appeal to this court, but where they are omitted from the

record the presumption must be indulged that they sustain the judgment of the court below.

**Assignment of Error.**

Where there is no assignment of error specifying the failure of appellees to make and file an affidavit purging their claim after the death of appellant's ancestor and before the rendition of judgment the Court of Appeals can not look into such question.

### APPEAL FROM WOLFE CIRCUIT COURT.

#### November 3, 1881.

OPINION BY JUDGE HARGIS:

The delay in presenting any defense the appellants may have had was inexcusable, and the court, after granting the two new trials for the purpose of allowing the appellants to prepare their defense, did not abuse a sound discretion in overruling a third motion for a new trial in order to give them an opportunity to file pleadings and prepare the cause for trial, which ought to have been done years before.

It appears that the title papers of the appellees were on file in another suit pending in the court where this action was brought and tried, and they were referred to and made part of this suit sufficiently to be read upon the trial. They were to all intents and purposes filed in this case, and ought to have been copied as a part of this record, as they were evidently used in the trial below. They are omitted from the record, and the presumption must be indulged, in their absence, that they sustain the judgment of the court below, especially as it was appellants' duty to have them before this court on his assignment of error that they are defective, and fail to show title in the appellees. In their absence we are unable to determine whether they embrace the lands in controversy, but the presumption exists that they do embrace it.

No reason is assigned why the appellees' pleadings are insufficient to authorize a recovery, and we are unable to discover any substantial defect in them. The testimony in connection with the presumably complete title papers is sufficient to sustain the judgment. The notes admitted to be genuine furnish ample evidence of a contract of sale, and it is admitted that a title bond was executed, but appellants' ancestor claimed in his answer it was lost at the time this suit was brought against him. No plea of payment

or discharge from the obligation of the notes was offered by either the appellants or their ancestor, and no reason exists why they should not pay for the land they have so long enjoyed without disturbance under the appellees' title.

There is no assignment or error specifying the failure of appellees to make and file an affidavit purging their claim after the death of appellants' ancestor and before the rendition of the judgment, and without an assignment of error specifying the ground of complaint this court cannot look into it, as has been frequently held.

Wherefore the judgment is *affirmed*.

*W. L. Hurst, for appellants.*

*H. C. Lilly, E. P. Moore, for appellees.*